IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 03-cv-2528-WDM-OES

DANNY O. DANIELS,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER,

    Defendant.

**ORDER ON RECOMMENDATIONS OF MAGISTRATE JUDGE**

Miller, J.

This matter is before me on Magistrate Judge O. Edward Schlatter's recommendation, issued December 14, 2004, that this case be dismissed, as well as defendant City and County of Denver's (Denver) motion to strike plaintiff Daniel O. Daniels' (Daniels) objections to Magistrate Judge Schlatter's subsequent order denying a motion to reconsider the recommendation.

Background

On December 11, 2003, Daniels, acting pro se, filed a complaint asserting claims of discrimination under Title VII, 42 U.S.C. § 2000e-5 *et seq.* against Denver and several other defendants.[1]  On April 22, 2004, Denver served Daniels with twenty

---

[1] The other defendants were dismissed by my July 27, 2004 order.

1

interrogatories and a request for production of documents, including a request that Daniels sign and return release forms.  Daniels responded to Denver's discovery requests on May 21, 2004, but his responses were incomplete; he failed to provide any requested documents or signed release forms, and his response to the interrogatories did not answer any of the questions posed, but asked Denver for more time to respond.  However, Denver was able to depose Daniels, and Daniels apparently provided some documents related to his claims with his initial disclosures.  Denver did not seek court intervention with regards to these discovery requests.

On July 8, 2004, Denver served Daniels with supplemental interrogatories seeking answers to four additional interrogatories.  When Daniels never responded to the supplemental interrogatories, Denver filed a motion to compel.  Magistrate Judge Schlatter granted the motion, ordering Daniels to provide appropriate responses by November 1, 2004, and warning Daniels that failure to comply would result in dismissal.

On October 14, 2004, Denver filed a motion to dismiss, arguing that Daniels' claims should be dismissed pursuant to Fed. R. Civ. P. 41(b) for his failure to prosecute this case and to comply with court orders.  Daniels responded on October 25, stating that he had provided all of the documentation that he had, and that he had not signed the releases because he left them at the site of his deposition (although Denver asserts he refused to sign them at the deposition).  On December 9, 2004, Magistrate Judge Schlatter held a hearing on the motion, and Daniels admitted to failing to sign the releases and to respond to Denver's interrogatories.  At the hearing,

Daniels also sought a stay of this action, indicating that he was too busy to prosecute it presently.

On December 14, 2004, Magistrate Judge Schlatter issued a recommendation that this case be dismissed with prejudice. On December 20, 2004, Daniels tendered an unsigned objection to the recommendation, which had his wife's name, instead of his own, in the signature block.

On January 6, 2005, pro bono counsel entered an appearance on behalf of Daniels and shortly thereafter filed a motion asking Magistrate Judge Schlatter to reconsider the December 14 recommendation. On January 24, 2005, Magistrate Judge Schlatter denied the motion and on February 10, 2005, counsel filed objections to the order, also providing supplemental evidence to support the December 20 pro se objection. Denver has moved to strike Daniels' second set of objections, arguing that they are untimely and that Daniels failed to confer as required under D.C.COLO.LCivR. 7.1A

## Discussion

Magistrate Judge Schlatter recommends that this case be dismissed for Daniels' failure to comply with his discovery obligations and to prosecute this case, finding that the factors listed in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992) weigh in favor of dismissal. Although Daniels filed timely objections to this recommendation, the objections' signature block lists the name of Daniels' wife, who is not an attorney, and the filing is not signed. For this reason, Denver suggests that the objections should be stricken.

Fed. R . Civ. P. 11(a) provides that "[e]very pleading, written motion, and other

3

paper...if the party is not represented by an attorney, shall be signed by the party,. and that "[a]n unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party." Daniels did not cure the absence of a proper signature in his objection, and it will be stricken.

Consequently, Daniels has waived his right to object to Magistrate Judge Schlatter's recommendation. *See Talley v. Hesse*, 91 F.3d 1411, 12-13 (10th Cir. 1996) (applying the "firm waiver rule," under which a litigant who fails to make timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions, unless the ends of justice dictate otherwise). Nonetheless, I am accorded considerable discretion with respect to my review of unchallenged recommendations. *Summers v. Utah* 927 F.2d 1165, 1167 (10th Cir. 1991) ("[i]n the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate").

Some level of review is warranted here because there is a new and relevant circumstance that was not present at the time of Magistrate Judge Schlatter's recommendation; i.e., the fact that Daniels is represented now by counsel.

The Tenth Circuit has instructed that dismissal is an extreme sanction that is not appropriate when a lesser sanction "will deter the errant party from further misconduct." *Erenhaus*, 965 F.2d at 920. *See also Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) ("dismissal or other final disposition of a party's claim is a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of justice"). In his recommendation, Magistrate Judge Schlatter determined that no lesser sanction would be effective

4

because Daniels' conduct would be no different in the future, as "he is not in a position to give his discovery obligations his full attention." (Rec., at 10.) In light of Daniels' retention of counsel, and the immediate attention counsel has given to this case, I do not believe dismissal is the only sanction that will be effective in preventing "further misconduct." *Erenhaus*, 965 F.2d at 920.

As a result, I disagree with Magistrate Judge Schlatter's recommendation that dismissal is appropriate, and find that Denver's motion to dismiss must be denied. However, I agree with Magistrate Judge Schlatter's general analysis and determination that Daniels' conduct warrants sanctions, and therefore will deny the motion without prejudice to Denver moving for other appropriate sanctions.

Because I disagree with Magistrate Judge Schlatter's recommendation, Daniels' objections to Magistrate Judge Schlatter's order denying reconsideration and Denver's motion to strike those objections are both moot.

Accordingly, it is ordered:

1. Plaintiff's December 20, 2004 objections (Docket # 64) to the Magistrate Judge's December 14, 2004 recommendation are stricken.

2. The Magistrate Judge's December 14, 2005 recommendation (Docket # 63) is rejected.

3. Defendant's October 18, 2004 motion to dismiss (Docket # 51) is denied without prejudice to Defendant moving for alternative sanctions for Plaintiff's failure to comply with his discovery obligations.

4. Defendant's motion to strike Plaintiff's February 10, 2005 objections (Docket # 75) is denied as moot.

5. Plaintiff's February 10, 2005 objections (Docket # 72) to the magistrate judge's January 24, 2005 order are overruled as moot.

DATED at Denver, Colorado, on July 22, 2005.

BY THE COURT:

/s/ Walker D. Miller
United States District Judge